[NO. 3069. Decided November 11, 1898.]

WILLIAM BELOND, *Respondent,* v. G. O. GUY, *Appellant.*

CONTRIBUTION AMONG CO-SURETIES — BAIL BOND IN UNITED STATES COURT.

Under Rev. St. U. S., § 1014, providing for the admission to bail of offenders agreeably to the usual mode of process in the state in which the criminal may be found, and under Code Proc., § 1375 (Bal. Code, § 6866), providing that bail in criminal actions shall justify and have the same rights as in civil cases,

a surety upon a bail bond in the United States district court has a right of action against a co-surety for contribution, when such surety has been compelled to pay the penalty provided in the bond.

Appeal from Superior Court, King County.—Hon. Orange Jacobs, Judge. Affirmed.

*John E. Humphries, W. E. Humphrey,* and *E. P. Edsen,* for appellant.

*E. B. Palmer,* and *R. H. Lindsay,* for respondent.

The opinion of the court was delivered by

Scott, C. J.—This action was brought by the plaintiff against the defendant for contribution as a co-surety on a recognizance, in the sum of $500, given by one Turney for his appearance in the United States district court, which plaintiff had been compelled to pay in full. The defendant demurred generally to the complaint, which was overruled. Judgment going for the plaintiff upon the trial, he has appealed.

His contention is that the complaint was bad because a recovery in such cases would be against public policy. *United States v. Ryder,* 110 U. S. 729 (4 Sup. Ct. 196), and *United States v. Simmons,* 47 Fed. 575, are cited by him. Neither of them, however, passes upon the particular point in question here, but it is claimed that this action falls within the principles there decided. In the first case it was held that a surety on such a bond, without an express contract of indemnity, could not maintain an action against his principal to recover any sums he may have been obliged to pay by reason of forfeiture, on the ground that such a recovery would be against public policy, the obligation of the surety being to see that the principal complied with the conditions of the bond; and for the same reason, in the next case cited, it was held

11—20 WASH.

that a bail-bond should not be accepted where the sureties had indemnified themselves by taking bonds from the accused and others, as the sureties would be relieved from any motive to exert themselves in securing the appearance of the accused. But we do not think this case falls within the principle of either of them; for while here the obligation of the sureties to the United States was each in the full sum of $500, so that the full amount might be collected of either, yet, as against each other, each only assumed one half, and his "motive" therefore was, in effect, but one-half the penalty. Furthermore, § 1014, Rev. Stat. U. S., provides for the admission to bail of offenders "agreeably to the usual mode of process against offenders in" the state in which the criminal "may be found;" and § 1375, 2 Hill's Code (Bal. Code, § 6866), contains the provision that bail in criminal actions shall justify and have the same rights as in civil cases; and we think the recovery here could be supported under these statutes.

Affirmed.

ANDERS, GORDON, DUNBAR and REAVIS, JJ., concur.