# LOU J. SANSOME v. HELEN S. SAMUELSON.[1]

November 1, 1946.

No. 34,311.

*R. Edison Barr*, for appellant.
*Alfred A. Donaghue* and *Mart M. Monaghan*, for respondent.

LORING, CHIEF JUSTICE.

This case is here on appeal from a judgment for defendant. One Lawrence A. Soucy was indicted in the federal court under the Dyer Act. Plaintiff and defendant in this case were cosureties on his criminal recognizance in the sum of $1,500. Soucy failed to appear, and judgment was entered in favor of the United States.

Plaintiff here necessarily paid $1,620 in satisfaction of the judgment, which included interest. She then attempted to proceed in federal court against this defendant, her cosurety, for contribution. The federal court held that it was without jurisdiction.

Action was then instituted in the district court of the state of Minnesota, where it was tried in the court below on the following stipulation:

[1]Reported in 24 N. W. (2d) 702.

"It is hereby stipulated, by and between the parties to the above entitled cause of action, through their respective attorneys of record, that in said case, which was submitted on March 18, 1946, without evidence being taken, the allegations of the pleadings pertinent to plaintiff's alleged cause of action, other than mere abstract conclusions of law, be taken as the facts in the case without proof.

"Dated May 20, 1946."

The pleadings and stipulation raise the question whether a surety on a recognizance, having satisfied the judgment in full, is entitled to contribution from his cosurety. The lower court ruled that he is not, and plaintiff appealed.

The rule in civil cases has been long established that a surety who makes payment in full has a right to contribution. In Felton v. Bissel, 25 Minn. 15, this court said: "As between cosureties they ought ordinarily, on default of the principal debtor, to pay in equal proportions."

It is equally well established that an indemnification agreement regarding a criminal bond or recognizance is void as against public policy. United States v. Ryder, 110 U. S. 729, 4 S. Ct. 196, 28 L. ed. 308; United States v. Simmons (C. C.) (1891) 47 F. 575; Rex v. Porter [1910] 1 K. B. 369; Jones v. Orchard, 16 C. B. 614. The purpose of a recognizance is to have the sureties exert all their influence on the principal to appear. If he does not, they must satisfy their recognizance.

The lower court applied the rule applicable in indemnification cases, as stated above, on the theory that contribution tends to lessen pressure on the sureties to cause the accused to appear. Hence the court reasoned that it would be the part of wisdom to deny the right.

This is a case of first impression in this state. No similar case in the United States has been brought to our attention except the Washington case hereinafter discussed. Plaintiff relied in part on Belond v. Guy, 20 Wash. 160, 54 P. 995, but the lower court construed that case to permit contribution in a like situation on

the theory that a statutory provision existed in Washington which could be construed to permit contribution.

The facts there involved were the same as here. Defendant there demurred to the complaint asking contribution on the theory that recovery would be against public policy, relying upon the same cases that defendant here relies on, namely, the Ryder and Simmons cases, *supra*. In deciding the case the Washington court said (20 Wash. 161, 54 P. 995):

"His contention is that the complaint was bad because a recovery in such cases would be against public policy. United States v. Ryder, 110 U. S. 729 (4 Sup. Ct. 196, 28 L. ed. 308), and United States v. Simmons (C. C.) 47 Fed. 575, are cited by him. Neither of them, however, passes upon the particular point in question here, but it is claimed that this action falls within the principles there decided. In the first case it was held that a surety on such a bond, without an express contract of indemnity, could not maintain an action against his principal to recover any sums he may have been obliged to pay by reason of forfeiture, on the ground that such a recovery would be against public policy, the obligation of the surety being to see that the principal complied with the conditions of the bond; and for the same reason, in the next case cited, it was held that a bail-bond should not be accepted where the sureties had indemnified themselves by taking bonds from the accused and others, as the sureties would be relieved from any motive to exert themselves in securing the appearance of the accused. *But we do not think this case falls within the principle of either of them; for while here the obligation of the sureties to the United States was each in the full sum of $500, so that the full amount might be collected of either, yet, as against each other, each only assumed one half, and his 'motive' therefore was, in effect, but one-half the penalty.* Furthermore, § 1014, Rev. Stat. U. S., provides for the admission to bail of offenders 'agreeably to the usual mode of process against offenders in' the state in which the criminal 'may be found;' and § 1375, 2 Hill's Code (Bal. Code, § 6866), contains the provision that bail in criminal actions shall

justify and have the same rights as in civil cases; and *we think the recovery here* could be supported under these statutes." (Italics supplied.)

It seems to us that the Washington court did not base its decision entirely upon the statute, but merely cited it as a supplemental reason for its position. Nor did it refute the rules of the Ryder and Simmons cases. On the contrary, the court expressly distinguished the holdings in the Ryder and Simmons cases from its decision in the Belond case.

However that may be, there are other considerations that appeal to us. Minn. Const. art. 1, § 7, provides that all offenses not capital shall be bailable. We regard this as a declaration of public policy favoring the giving and acceptance of bail. It is a humane policy in furtherance of justice. We should not adopt a rule tending to obstruct rather than to further this policy. The argument against the allowance of contribution between sureties is based upon the theory that to allow contribution tends to lessen the pressure on the sureties to exert all their influence on the principal in the recognizance to appear. We are not inclined to agree with that contention, because, if contribution is allowed, both sureties know that they will be called upon for at least half the amount of the recognizance; whereas, if the right of contribution is not allowed, one surety may sit idly by, believing that if the principal does not appear as required and recovery is sought from the sureties, it is likely to be sought from the other surety either through outright favoritism or because of greater ease in the matter of collection. A surety who has exerted himself to the utmost to secure the appearance of the principal might be required to pay the entire sum set up in the recognizance and then be denied contribution from one who has made no effort to have the principal appear. If a surety knows that there will be no right to contribution between him and his cosurety, it might in many cases deter him from entering into a recognizance, and this in turn might result in the principal's being unable to furnish bail. Thus, the constitutional rights of an accused person might be seriously impaired.

These considerations, we think, outweigh the argument that an allowance of contribution tends to lessen the pressure on the sureties to exert their influence upon the principal. We conclude that the refusal to allow contribution creates an injustice which is not counterbalanced by any advantage to the public. Therefore, we are of the opinion that the allowance of contribution between cosureties on a recognizance is not deleterious to the public welfare or against public policy and is in furtherance of justice. It should be permitted.

Reversed with directions to enter judgment for plaintiff.